NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1684
_____


MOHAMMED ZAKARIA ZIZI;
KRISTINE BRUNO,
                              Appellants

v.

FIELD OFFICE DIRECTOR, U.S. CITIZENSHIP AND IMMIGRATION
SERVICES ("USCIS") PHILADELPHIA FIELD OFFICE;
DIRECTOR UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES;
SECRETARY UNITED STATES DEPARTMENT OF HOMELAND SECURITY;
CHAIRMAN BOARD OF IMMIGRATION APPEALS ("BIA");
ATTORNEY GENERAL UNITED STATES OF AMERICA


_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2:17-cv-01976)
District Judge: Honorable Gene E. K. Pratter
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
February 5, 2019

Before: HARDIMAN, SCIRICA, and RENDELL, *Circuit Judges*.

(Filed: February 15, 2019)

_____

OPINION[*]

_____

HARDIMAN, *Circuit Judge*.

Mohammed Zakaria Zizi and his wife, Kristine Bruno, appeal a summary judgment of the District Court denying their claims concerning the I-130 petition Bruno filed on behalf of Zizi. The Board of Immigration Appeals denied Bruno's petition after finding that Zizi's previous marriage to Michelle Crozier was a sham. *See* 8 U.S.C. § 1154(c); *Zizi v. Bausman*, 306 F. Supp. 3d 697, 710 (E.D. Pa. 2018). Essentially for the reasons stated by the District Court, we see no reason to disturb the agency's decision, so we will affirm.

I[1]

Appellants first claim the BIA violated a regulation that entitled them to inspect adverse evidence. *See* 8 C.F.R. § 103.2(b)(16). That regulation states that if the United States Citizenship and Immigration Services (USCIS) plans to deny a benefits decision (such as Bruno's I-130 petition) because of "derogatory information" of which the petitioner is unaware, USCIS shall "advise[]" petitioner of this fact and offer her "an

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] The District Court had jurisdiction under 28 U.S.C. § 1331. *Eid v. Thompson*, 740 F.3d 118, 122 (3d Cir. 2014) (reviewing denial of an I-130 petition). We have jurisdiction under 28 U.S.C. § 1291. Our review of the District Court's summary judgment is plenary, and we apply the same standard as the District Court. *E.g.*, *Blunt v. Lower Merion Sch. Dist.*, 767 F.3d 247, 265 (3d Cir. 2014).

opportunity to rebut the information . . . before the decision is rendered."

*Id.* § 103.2(b)(16)(i). According to Appellants, this regulation required USCIS to share

the "actual document[s]" produced from an interview that suggested Zizi's prior marriage

was a sham. Zizi Br. 18–19. In that interview, Zizi's ex-wife Michelle Crozier—a first

cousin of Bruno's whom Zizi had divorced only two months before marrying Bruno—

testified the "sole purpose" of their former marriage was immigration fraud. App. 90

(Aff. of Michelle Crozier); App. 195 (Notice of Intent to Deny, March 2014)

(transcribing Affidavit and summarizing other allegations from the interview).

Contrary to Appellants' argument, § 103.2(b)(16) does not require the

Government to provide "actual documents." Instead, the regulation requires only that

petitioner "be advised" of derogatory information and "offered an opportunity to rebut

the information and present information in his/her own behalf." 8 C.F.R.

§ 103.2(b)(16)(i); *see also Sehgal v. Lynch*, 813 F.3d 1025, 1031–32 (7th Cir. 2016)

(stating summaries can satisfy § 103.2(b)(16)). Here, USCIS advised Bruno of the

derogatory information and gave her 30 days to respond. Its March 2014 Notice of Intent

to Deny contained the unabridged text of Crozier's affidavit, as well as a summary of six

specific allegations made during the interview. App. 195. And although Crozier did not

handwrite the affidavit—a fact Appellants emphasize—she did adopt the affidavit as her

own when she signed it. *Id.* Therefore, we hold that the BIA complied with

§ 103.2(b)(16).[2]

---

[2] Because the Government complied with 8 C.F.R. § 103.2(b)(16), we need not decide whether failure to comply with the regulation would "merit invalidation of the

II

Appellants also argue that the administrative record is inadequate on appeal. They contend that because of (i) redactions in the record and (ii) USCIS's failure to videotape its interview of Crozier (contrary to the agency's Adjudicator's Field Manual), the District Court should not have granted summary judgment to the BIA.

We disagree. The record's redactions largely involve sensitive personal information in compliance with court rules. *See, e.g.*, E.D. Pa. Local R. Civ. P. 5.1.3 (June 15, 2017). And USCIS's alleged failure to comply with its Field Manual is beside the point, because internal agency guidelines like the Manual lack the force of law. *See USX Corp. v. Barnhart*, 395 F.3d 161, 170 (3d Cir. 2004). Moreover, the record reflects "substantial and probative evidence" of marriage fraud, 8 C.F.R. § 204.2(a)(1)(ii), so the BIA was not "arbitrary [or] capricious" in denying Bruno's I-130 petition, 5 U.S.C. § 706(2)(A). The record contains, among other things: Crozier's affidavit, App. 80; a memorandum detailing her statements to USCIS, App. 82–84;[3] a summary of a public records search, App. 87; and an analysis of Zizi's "highly suspicious" submissions to USCIS that purported to show his marriage to Crozier was bona fide, *id.* In sum, the

---

challenged agency action without regard to whether the alleged violation has substantially prejudiced the complaining party." *Leslie v. Att'y Gen.*, 611 F.3d 171, 180 (3d Cir. 2010).

[3] As the Government notes, Crozier's recantation of her statements more than three years after her interview is not credible. Crozier's detailed interview statements were against self-interest. The officer who took the statements confirmed they were genuine and voluntary, and he expressed his willingness to testify in court. And Crozier submitted little evidence to support her claim that a grab bag of factors—such as medication and fear of terrorism—compelled her to lie to investigators.

record contains not only "adequate findings to ensure effective judicial review," but also substantial evidence to support summary judgment for the Government. *Armstrong v. CFTC*, 12 F.3d 401, 403 (3d Cir. 1993).

*        *        *

For the reasons stated, we will affirm the judgment of the District Court.